IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02628-GPG

BONITA JOHNSON,

    Plaintiff,

v.

HENSON, Judge;
TORRIS, Deputy,
CRIMINAL JUSTICE CENTER,
COLORADO SPRINGS POLICE DEPARTMENT;
EL PASO COUNTY SHERIFF, and
JANE DOE NURSE, Criminal Justice Center,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Bonita Johnson, resides in Colorado Springs, Colorado. She initiated this action on December 2, 2015, by filing a Complaint.

On December 18, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because: named Defendants Colorado Springs Police Department, Criminal Justice Center and the El Paso County Sheriff's Department are not entities separate from El Paso County and, therefore, are not "persons" subject to suit under 42 U.S.C. § 1983; Plaintiff failed to allege facts to show that her alleged injuries were caused by an unconstitutional policy or custom of El Paso County; Plaintiff failed to allege facts to show that Defendant Torris acted with deliberate indifference to her serious medical needs; and, Defendant Judge Henson was entitled to judicial immunity for acts taken in his judicial capacity.   (ECF No. 5).   Magistrate

Judge Gallagher ordered Ms. Johnson to file an Amended Complaint curing the deficiencies within 30 days of the December 18 Order. (*Id.*).

Ms. Johnson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) and (iii) require a court to dismiss *sua sponte* an action at any time if the action is frivolous, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Ms. Johnson's Complaint liberally because she is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be dismissed.

   **I.   The Amended Complaint**

Ms. Johnson's allegations are difficult to decipher.  Notwithstanding, the Court ascertains the following factual allegations in the Amended Complaint.  On March 10 (year unspecified), Plaintiff was stopped under suspicion of Driving Under the Influence (DUI), even though she had not been drinking.  Plaintiff alleges that the results of the blood test and urine analysis were "messed up" by the hospital (ECF No. 8 at 2, 3), and she was charged with a DUI.

Ms. Johnson further states that she was charged with a second DUI by the same officer at a later time, even though she had not been drinking, but had beer on her

clothing as a result of a fight with her boyfriend. According to Plaintiff, both DUI charges were tried together by Defendant Judge Hanson, who did not give her a fair trial.

Ms. Johnson alleges that following her arrest on October 4, 2014, she was detained in the El Paso County Jail. During the booking process, Defendant Deputy Torris called Defendant Jane Doe nurse to determine if Plaintiff had a medical restriction for steps. The Defendant Nurse informed Deputy Torris that Plaintiff's only medical restriction was for a lower bunk. Defendant Torris thereafter directed Plaintiff to climb the steps to the third floor, and ignored Plaintiff's protestations that she had a "doctor's note for lower level and lower bunk." (*Id.* at 4). Ms. Johnson states that she was taken to the third floor and placed in segregation for four hours, handcuffed, and without any toilet paper.

Ms. Johnson asserts that Defendants Colorado Springs Police Department, Criminal Justice Center, and the El Paso County Sheriff, violated her Fourth Amendment rights because evidence obtained pursuant to an illegal search and seizure was wrongfully admitted against her at trial. Her allegations can also be liberally construed to assert a claim against Defendants Torris and the Jane Doe Nurse for unconstitutional conditions of confinement. She seeks monetary relief.

**II.    Analysis**

**A.  Claims Against Law Enforcement Entities**

As discussed in the December 18, 2015, Defendants Criminal Justice Center and the Colorado Springs Police Department are not entities separate from El Paso County, and, therefore are not persons subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978)), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Consequently, Defendants

3

Colorado Springs Police Department and Criminal Justice Center are improper parties to this action and will be dismissed.

Ms. Johnson was also warned in the December 18 Order that a local government entity such as El Paso County is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   Instead, a plaintiff seeking to hold a county liable for his injuries under § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.  Ms. Johnson has not alleged any specific facts in the Amended Complaint to show that her alleged constitutional injuries were caused by a policy or custom of El Paso County.

      **B.**     **Defendant El Paso County Sheriff**

The Amended Complaint names the El Paso County Sheriff as a Defendant. Ms. Johnson was advised in the December 18, 2016 Order that, in the Amended Complaint, she must allege facts to show the personal participation of each named Defendant in the alleged constitutional deprivation.   *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  A supervisor defendant, such as the El Paso County Sheriff, may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 677). Therefore, in order to succeed against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. In the Amended Complaint, Ms. Johnson fails to allege any facts to show that the El Paso County Sheriff was personally involved in any of the alleged unconstitutional conduct. Accordingly, the Defendant Sheriff is an improper party to this action and will be dismissed.

**C.  Defendant Judge Henson**

Ms. Johnson's claim(s) against Defendant Judge Hansen is barred by absolute judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority  . . . "). Because Plaintiff alleges that Judge Henson engaged in unconstitutional conduct while presiding over her criminal actions, the judge was performing judicial acts and is therefore clothed with absolute judicial immunity. As such, Judge Henson is an improper party to this action and will be dismissed.

### D. Defendants Deputy Torris and Jane Doe Nurse

Ms. Johnson alleges that while she was being booked into the El Paso County Jail, Defendant Deputy Torris called Defendant Jane Doe nurse to determine if Plaintiff was medically-allowed to walk up steps. According to Deputy Torris, the nurse informed her that Plaintiff had a lower bunk restriction only. Defendant Deputy Torris thereafter directed Plaintiff to climb the steps to the third floor, and ignored Plaintiff's protestation that she had a "doctor's note for lower level and lower bunk." Plaintiff further states that she was taken to the third floor and placed in segregation for four hours, handcuffed, and without any toilet paper.

Pre-trial detainees are protected under the Due Process Clause rather than the Eighth Amendment; however, in determining whether the plaintiff's rights were violated, the court's analysis is the same as in Eighth Amendment cases brought pursuant to § 1983. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)); *see also Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir.1992) (pre-trial detainee's claim based on denial of adequate medical care is analyzed under Eighth Amendment standard).

The Court set forth the applicable legal standards in the March 18 Order. A prisoner claiming that she has been subjected to cruel and unusual punishment based on the conditions of her confinement must first demonstrate that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337,

347 (1981)). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes*, 452 U.S. at 347. An important factor in determining whether conditions of confinement meet constitutional standards is the duration of the objectionable conditions. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998).

Next, an inmate asserting an Eighth Amendment claim must allege that the defendant(s) acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Ms. Johnson's allegations that Defendants Deputy Torris and Jane Doe Nurse forced her to violate a physician-imposed medical restriction that she not walk up any stairs are vague and conclusory. *See Ketchum v. Cruz*, 775 F.Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992) (merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a pro se pleader to a day in court, regardless of how liberally the court construes such pleadings). Moreover, Plaintiff does not allege any facts to suggest that either Defendant acted with deliberate indifference to a serious medical condition. Defendant Torris relied on information provided to her by the Defendant Nurse that Plaintiff's only medical restriction was for a lower bunk. And, there is nothing in the Amended

Complaint to suggest that the Defendant Nurse intentionally or recklessly misrepresented the medical restriction(s) provided to her for the Plaintiff.

Finally, Ms. Johnson's allegations that she was forced to stay in a segregation unit in handcuffs for four hours without toilet paper is not sufficiently serious to implicate the Eighth Amendment. See *Hudson*, 503 U.S. at 9.

Plaintiff's claims against Defendant Deputy Torris and Jane Doe Nurse will be dismissed as legally frivolous.

### III. Orders

For the reasons discussed above, it is

ORDERED that the Amended Complaint (ECF No. 8) and this action are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Johnson files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED March 10, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock

LEWIS T. BABCOCK, Senior Judge
United States District Court